Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-362-ELG |
| | ) | (Chapter 11) |
| DLINAS PROPERTIES LLC | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION TO DISMISS WITH PREJUDICE**

Comes now WCP Fund I LLC ("WCP"), by and through undersigned counsel, pursuant to Section 1112 of Title 11 of the United States Code, and moves to dismiss the above-captioned bankruptcy proceeding with prejudice for a period of at least one year, and in support thereof states as follows:

**I.     Introduction**

This is the third case—in a breathtaking span of merely 58 days—in which Dlinas Properties LLC ("Dlinas" or the "Debtor") has sought Chapter 11 relief. The first case was dismissed when the Debtor did not have counsel (which, bizarrely, did not stop the Debtor from then unsuccessfully petitioning for a refund of the filing fee, on the spurious theory that the clerk's office ought never have accepted such an ill-fated petition for filing in the first place). The second case was dismissed when the Debtor, once again, did not have counsel. And the third case now

1

merits dismissal—with entry of a bar order—as the Debtor has rather promptly terminated the services of its counsel.

To be sure, and as extrapolated upon *infra*, other issues similarly abound. The Debtor (i) has run roughshod over the deadlines established by this Honorable Court; (ii) appears to have changed management from one serial bankruptcy filer to another serial bankruptcy filer, (iii) appears to have only one asset, which is grossly underwater; and (iv) somehow went from being a single asset real estate entity ("SARE"), to potentially not being a SARE, in 24 hours, which is all the more impressive considering Dlinas was a debtor in bankruptcy for just under 21 of those 24 hours. This is simply not a serious entity showing an outward interest in doing anything more than abusing the automatic stay and thereby frustrating the foreclosure efforts of a lender whose claim is palpably under-secured and growing more under-secured by the day. And this is thusly an entity that ought not be permitted to continue to seek safe harbor in this Honorable Court or any other bankruptcy courts.

**II.     Standard**

Title 11 of the United States Code (the "Bankruptcy Code") provides that matters under Chapter 11 may be converted or dismissed, after notice and a hearing, for "cause." 11 U.S.C. § 1112(b)(1). The same statutory provision then goes on to non-exhaustively delineate what may constitute such cause, including, *inter alia*:

> . . . (B) gross mismanagement of the estate; . . . (E) failure to comply with an order of the court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter. . .

11 U.S.C. § 1112(b)(4). "The list is illustrative, not exhaustive. Courts may find cause for other equitable reasons." *In re Whetten*, 473 B.R. 380, 382 (Bankr. D. Colo. 2012) (citing 11 U.S.C. § 1112(b)(4); *In re FRGR Managing Member LLC*, 419 B.R. 576, 582–83 (Bankr.S.D.N.Y.2009)).

Once a creditor has filed a motion such as this, seeking conversion or dismissal and setting forth cause within the meaning of Section 1112(b)(4) of the Bankruptcy Code, the burden shifts to the Debtor to demonstrate the satisfaction of four criteria:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that-- (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)-- (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2). Thus the Debtor must establish (i) unusual circumstances giving rise to the underlying cause; (ii) a reasonable likelihood of timely plan confirmation; (iii) reasonable justification for the cause giving rise to the underlying motion; and (iv) imminent cure of the subject deficiency. Critically, these criteria are conjunctive, not disjunctive, so unless each and every criterion is satisfied, the Bankruptcy Code requires a case to be converted.

### III.    Argument: Dismissal is Appropriate

With the Debtor having sought bankruptcy protection three separate times, and with this case now more than a month old, it is entirely appropriate to take a holistic view of the entity's assets, as disclosed on Schedule A/B, juxtapose those to the entity's liabilities, as disclosed on Schedules D and E/F, and perform a sober analysis of the company's reorganizational prospects. Such an effort is impossible, however, for the simple reason that Dlinas has somehow managed a trifecta of bankruptcy filings without ever docketing so much as a single schedule or statement of financial affairs. And those few facts that can be discerned from dockets uniformly militate in favor of dismissal.

The Debtor's first case was filed on August 27, 2024, in the District of Maryland. *See In re Dlinas Properties LLC*, Case No. 24-17191 (Bankr. D. Md. 2024) ("Dlinas 1"). That petition was filed *pro se* and signed by Jaime B. Palacios ("Mr. Palacios"). The case was dismissed because an entity must be represented by counsel, *id.* at DE #7, whereupon Mr. Palacios requested a refund of the filing fee on the theory that a clerk ought not accept a case that is improperly filed, *id.* at DE #12. Responsively, Judge Rice observed, *inter alia*:

> In addition to the Federal Rules requiring the clerk to accept pleadings whether they are proper or not, the clerk's office where debtors file their petitions has a disclaimer posted regarding the serious impact of filing a bankruptcy case without consulting an attorney. Similarly, the official instructions to the voluntary petition includes a warning message that "[n]on−individual debtors must be represented by an attorney."

*Id.* at DE #15.

Mr. Palacios was, himself, somewhat familiar with the bankruptcy system prior to docketing Dlinas 1. In 2013, he sought bankruptcy protection in the Eastern District of Virginia. *See In re Palacios*, Case No. 13-11200 (Bankr. E.D. Va. 2013). As part of that case, he filed two separate appeals and moved for sanctions against Troutman Sanders. *Id.* at DE #67, DE #95, DE #130. The following year he filed a new petition for relief, this time in Maryland. *See In re Palacios*, Case No. 14-28322 (Bankr. D. Md. 2014). That case was dismissed. *Id.* at DE #120. So, two years later, he filed yet again, this time seeing his case dismissed when he failed to attend the meeting of creditors. *See In re Palacios*, Case No. 16-18077 (Bankr. D. Md. 2024) at DE #22, DE #26.

Not long after Mr. Palacios filed the ill-fated bankruptcy for Dlinas in Maryland, Juana Rosa Minano filed the first bankruptcy for Dlinas in this Honorable Court on October 23, 2024. *See In re Dlinas Properties, LLC*, Case No. 24-355-ELG (Bankr. D.D.C. 2024) ("Dlinas 2"). How or when the Debtor changed management between these two filings is unclear. But we do know,

4

from both Dlinas 1 and Dlinas 2, that the entity is a single asset real estate entity. *Id.* at DE #1, p. 2, § 7; Dlinas 1 at DE #1, p. 2, § 7. Unsurprisingly, Dlinas 2 was dismissed since Ms. Minano, like Mr. Palacios, is not an attorney. *See* Dlinas 2 at DE #6.

Not being an attorney does not mean Ms. Minano is a stranger to the bankruptcy process, though. Just like Mr. Palacios, she has personally been a debtor on multiple occasions. *See In re Minano*, Case No. 24-44-ELG (Bankr. D.D.C. 2024) ("Minano 1"); *In re Minano*, Case No. 24-216-ELG (Bankr. D.D.C. 2024) ("Minano 2"). And she appears to hold Mr. Palacios' fondness for using her bankruptcy filings as a platform to seek to have entities held in contempt, having sought such relief against her mortgage servicer, Minano 2 at DE #85, and a creditor, Minano 1 at DE #70.

This case was filed approximately three hours after Dlinas 2 was dismissed, just in time to stop a foreclosure from being conducted by WCP. Since the Debtor has never cared to file schedules in any of its three cases, the claim of WCP and the real estate supporting that claim mark the sole financial attributes of Dlinas discernable on this record. The Debtor owns the real property located at 5463 Sands Road in Lothian, Maryland (the "Property"). *See* Claims Register #1-2. The Property serves as collateral for a loan from WCP to the Debtor. *Id.* The Property is worth $272,300.00. *See* Claims Register #1 at p. 2, § 9. The amount due and owing on the loan, as of the petition date, is $301,511.20. *Id.* The claim of WCP constitutes prima facie evidence of these facts for evidentiary purposes. Fed. R. Bankr. P. 3001(f).

In Dlinas 1 and Dlinas 2, the Debtor indicated it was a single asset real estate entity. *See* Dlinas 1 at DE #1, p. 2, § 7; Dlinas 2 at DE #1, p. 2, § 7. At no point during Dlinas 2 did the Debtor seek leave to enter into a contract to purchase property or borrow money. *See* Dlinas 2, *passim*. And a scant three hours and change passed between Dlinas 2 and this case. So there is at least an

5

inference that the Debtor remains a single asset real estate entity, notwithstanding the failure to check the box on the petition for relief herein. If so, and in light of the claim of WCP, that singular asset is underwater and only growing more underwater by the day.

Of course, and as intimated *supra*, there would not be such guesswork in assessing the Debtor's assets and liabilities if schedules and a statement of financial affairs were filed. This Honorable Court allowed the Debtor to and through November 14, 2024 to docket these items. DE #13. Yet, somehow not surprisingly, the Debtor is yet to do so, despite that deadline now being eleven days in the rearview mirror. *See* Docket, *passim*.

The failure to file schedules by the deadline established by this Honorable Court amounts to "cause" under Section 1112(b)(4)(E) of the Bankruptcy Code. It does, too, equate to "cause" under Section 1112(b)(4)(F). And the Debtor's failure to take any affirmative actions in this case, aside from terminating its respected and capable counsel, similarly equates to gross mismanagement that invites a finding of "cause" under Section 1112(b)(4)(A).

As noted by the *Whetten* Court, though, the delineation of "cause" in Section 1112(b)(4) is non-exhaustive. This case presents a Debtor that was helmed by a serial-filer, that changed management to another serial-filer, that is now on its third bankruptcy in less than two months, and that has not once filed a schedule, docketed a statement of financial affairs, or used the bankruptcy system to advance or achieve any cognizable ends aside from frustrating the lawful collection efforts of at least one creditor. This is not merely "cause;" this is, too, the hallmark of a bad faith debtor that ought to be repelled from again seeking sanctuary in this Honorable Court— or any other bankruptcy court—for a period of at least one year.

## IV.    Conclusion

WHEREFORE, WCP Fund I LLC respectfully prays this Honorable Court (i) dismiss this case; (ii) prohibit the Debtor from filing a petition for relief, under Section 301 of Title 11 of the United States Code, for a period of not less than one year from the date of dismissal; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 25, 2024

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 54th day of November, 2024, a copy of the foregoing was served electronically upon filing via the ECF system. A copy is also being sent, via First Class Mail, postage prepaid, to all parties on the attached mailing matrix.

/s/ Maurice B. VerStandig
Maurice B. VerStandig