**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

```
-------------------------------------------------------------X
In re:                                          :    Chapter 11
                                                :
Dlinas Properties LLC                           :    Case No.  24-362
        Debtor.                                 :
                                                :
-------------------------------------------------------------X
```

**APPLICATION FOR COMPENSATION BY FORMER COUNSEL FOR DEBTOR**

Notice is hereby given that Chung & Press, P.C. has filed an application for allowance of final compensation as counsel to Dlinas Properties, LLC (the "Debtor"), Debtor-in-possession, covering the period from filing on October 24, 2024 through the date hereof, December 10, 2024. The application of counsel to the Debtor requests compensation for professional services rendered in connection with this case. Counsel to the Debtor seeks compensation for its services for that period in the amount of $6237.00, and reimbursement for out-of pocket expenses in the amount of $7.12, for a total of $6244.12, with authorization to apply the $7193 balance of the fee advance towards the approved amount, with the balance to be refunded to the Debtor/estate. Based upon the nature and extent of the services rendered, counsel to the Debtor believes that its request for compensation is reasonable.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to approve the application, or if you want the Court to consider your views on the matter, then: on or before December 31, 2024, you or your attorney must file with the Court a written objection to the application. The objection must be filed with the Clerk of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection. If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy of your objection to:

> Daniel M. Press, Esq.
> Chung & Press, P.C.
> 6718 Whittier Ave., Suite 200
> McLean, VA 22101

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the application and may enter an order granting relief. The Court may grant the application

---

Daniel M. Press, Bar #419739
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
dpress@chung-press.com
703-734-3800
Former Counsel for Debtor

-1-

without a hearing if the objection filed states inadequate grounds for denial of the application. Parties in interest with questions may contact the undersigned.

Chung & Press, P.C., former attorneys for the Debtor/Debtor-in-Possession herein, applies to the Court for an Order for final allowance of attorneys' fees for professional services rendered to the Debtor and for reimbursement for actual and necessary costs incurred in this case. No prior application for compensation has been filed. This application seeks compensation for the period from filing on October 24, 2024, through the date hereof, December 10, 2024, in the amount of $6237.00, and reimbursement for out-of pocket expenses in the amount of $7.12, for a total of $6244.12, and in support thereof, states as follows:

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 1334. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This application is a core proceeding within the meaning of 28 U.S.C. § 157.

2. On October 24, 2024 (the "Petition Date"), the Debtor filed a voluntary petition commencing this case under Chapter 11 of the Bankruptcy Code. The Debtor promptly filed its Application to Employ Counsel, which application was granted on November 15, 2024 [Doc. 15].

3. As set forth in the Application for Appointment, the undersigned law firm, Chung & Press, P.C., was retained on an hourly basis (at $495.00 per hour for Daniel M. Press), plus actual costs, to be paid by the Debtor upon court approval. The Debtor paid Chung & Press, P.C. $990 for pre-petition work related to this case, and advanced the filing fee of $1738 and software fee of $79, which were paid from the $10,000 advance, leaving $7193 in trust.

4. To date, this law firm has received no other compensation for this matter.

5. The only lawyer who billed time on this matter, as shown on the attached statement, was Daniel M. Press (DMP). Mr. Press' regular hourly rate is $495.00 per hour. The rates charged

2

are at or below those charged by comparably skilled practitioners in cases other than cases under Title 11.

      6.      This is an application for compensation for the period from filing through the date hereof. It is the first and final application in this case.

      7.      A detailed statement of the actual, necessary services rendered, time expended, and expenses incurred is attached hereto. The total time as billed on the attached statements is 12.9 hours, which, at the aforementioned hourly rates (less 0.3 hours of discounted time) comes to $6237.

      9.      The attached statements also include $7.12 in disbursements for actual and necessary expenses made by this law firm (postage and copies at $0.20/pg.). Disbursements are billed at actual cost.

      10.      No payments have heretofore been made or promised other than as set forth above. No compensation has been or will be shared, and no agreement for sharing of compensation with regard to this case exists.

      11.      For the period covered by this application, Chung & Press performed services in the general category of case administration.

Chung & Press, PC advised and represented the Debtor on issues related to case administration, including but not limited to preparation of schedules; compliance with Court orders and rules and with U.S. Trustee requirements; attendance at the Initial Debtor Interview and § 341 meeting; insurance tax issues, and moving to withdraw as counsel. Preparation of this fee application was not billed.

The total time spent on this category is broken down as follows:

Daniel M. Press      12.9 hours @ $495/hr., less 0.3 hours not charged =  $6237

3

  TOTAL      12.9 hours      $6237

TOTAL TIME: 12.9 hours,  $6237.00

  12.  Consideration of the factors set forth in Section 330(a)(3)(A) of the Code shows that the requested fee is appropriate.  The services provided were necessary to the prosecution of the case.  Much of the time was spent in addressing documents and information not provided by the Debtor and the consequences thereof.  There was no duplication of services.  A review of the statements shows that the amount of time spent was reasonable, commensurate with the complexity, importance, and nature of the problems, tasks and issues addressed.  The rates charged ($495 per hour) are lower than those charged by most attorneys of comparable skill and experience both in bankruptcy and non-bankruptcy matters, and are the same as the rates charged to other clients of the undersigned law firm.

  13.  Courts frequently look to the "lodestar" formula in assessing attorneys' fees. Under this approach, courts consider the number of hours of service reasonably devoted to the case, multiplied by the attorneys' reasonable rates. This sum may be adjusted to reflect the characteristics of the particular case, and the reputation of the attorney. *See* e.g., *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 361 (D. D.C. 1983), *aff'd. in part rev'd in part*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021, 105 S. Ct. 3488 (1985).  Many courts frequently consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and applied in bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The Fourth Circuit Court of Appeals adopted these tests in *Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978). The following are the *Johnson*

4

factors:

(a) the time and labor required;
(b) the novelty and difficulty of the questions;
(c) the skill requisite to perform the legal service properly;
(d) the preclusion of other employment by the attorney due to acceptance of the case;
(e) the customary fee;
(f) whether the fee is fixed or contingent;
(g) time limitations imposed by the client or the circumstances;
(h) the amount involved and the results obtained;
(i) the experience, reputation, and ability of the attorneys;
(j) the "undesirability" of the case;
(k) the nature and length of the professional relationship with the client; and
(l) awards in similar cases.

*Johnson*, 488 F.2d at 717-719; *Barber v. Kimbrells, Inc.,* 577 F.2d 216, 226 n.8 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978).

14. In *In re Bernard Hill*, 133 B.R. 61 (Bankr. D. Md. 1991), the United States Bankruptcy Court for the District of Maryland supplemented the general lodestar principles by establishing ten "cardinal rules" with which fee applications should comply:

(a) Fee applications must make sense;
(b) Fee applications must indicate what work was performed, when it was performed and how much money is being charged for performing it;
(c) Services rendered should be reported in several broad, general categories;
(d) Fee applications must contain a "lodestar" analysis;
(e) Fee applications must indicate how much in time and money was "written off" in the exercise of billing judgment;
(f) Numbers must add up;
(g) The names of the individuals who rendered services, together with their hourly rates and years of experience, must be disclosed;
(h) Time records must be submitted with the fee application;
(i) Out-of-pocket expenses for which reimbursement is sought must be set forth in the application; and
(j) When more than one professional or firm of professionals is appointed to represent or furnish similar services to a debtor, the fee application(s) must indicate a clear division of labor and non-duplicative effort.

15. Chung & Press, P.C. submits the following lodestar analysis in support of its

request for allowance of fees and disbursements:

(a) The time and labor required. The amount of time required to represent the Debtor in this case was as reflected in the time records.

(b) Novelty and difficulty of the questions. This Chapter 11 case presented few truly novel issues, but it did present difficult issues related to the Debtor's failure to provide information.

(c) The skill requisite to perform the legal service properly. Because of the experience of Debtor's counsel in handling matters of this nature, counsel has efficiently and adeptly exercised the skill requisite to perform these services properly for a reasonable fee.

(d) The preclusion of other employment by the firm due to acceptance of this case. This case has not conflicted Debtor's counsel out of other matters, but any case takes up a portion of the limited time available to counsel, diverting counsel's attention from other matters in which they otherwise might have been involved to devote themselves to the competent representation of the Debtor.

(e) The customary fee for similar work. Chung & Press submits that the fees sought herein are warranted, and are generally less than or equal to competitors' fees in the local legal market for attorneys with comparable skill and experience with comparable practices.

(f) Whether the fee is fixed or contingent.  The fees are sought based on a fixed hourly rate, but pursuant to the Code, all fees sought by professionals retained by a Chapter 11 Debtor in Possession are subject to approval of this Court, and

6

thus are, to an extent, contingent.

(g) Time limitations imposed by the client or circumstances. The Debtor contacted the undersigned on the morning of a scheduled foreclosure after a pro-se filing was dismissed for lack of counsel. Thus the initial filing was under serious time constraints.

(h) The amounts involved and the results obtained. This case involved substantial liabilities related to multiple parcels of residential real estate which the Debtor intended to retain. The Debtor terminated the services of counsel before the case could be prosecuted to completion.

(i) Experience, reputation and ability of the attorneys. Daniel M. Press has long represented debtors, secured and unsecured creditors, bidders, trustees, and other interested parties in all aspects of bankruptcy and commercial litigation proceedings. Mr. Press has practiced bankruptcy law for over 30 years. He is an experienced bankruptcy practitioner. Mr. Press' experience, reputation and ability have been recognized by his election to the Board of the National Association of Consumer Bankruptcy Attorneys ("NACBA") as president of the Northern Virginia Bankruptcy Bar Association ("NVBBA"), and to the Council of the Consumer Bankruptcy Section of the Maryland State Bar Association ("MSBA"). He has also served as the Education Director of the Consumer Committee of the American Bankruptcy Institute, and has been invited to speak and teach continuing legal education programs on bankruptcy topics, and in particular on Chapter 11, for the ABI, MSBA, MICPEL, NVBBA, the Bankruptcy Bar Association for the District of Maryland

("BBA"), NACBA, the Virginia Bar Association, the North Carolina Bar, Virginia CLE, the West Virginia Bar, and Minnesota CLE. He and his colleague, Brett Weiss, are the authors of Chapter 11 for Individual Debtors, a Collier Monograph, published by Collier/Lexis-Nexis, and articles in publications such as the ABI Journal, and teach "Boot Camps" on Individual Chapter 11 cases. Mr. Press' reputation is well established in the Baltimore/Washington metropolitan area and nationwide as an effective practitioner.

(j) The "undesirability" of the case. This case was undesirable given the short time in which it had to be filed and thus the limited opportunity to gather facts and documents pre-petition.

(k) The nature and length of the firm's professional relationship with the client. Chung & Press was retained by the Debtor immediately before filing this case.

(l) Awards made in similar cases. Chung & Press submits that its request for compensation is well within, if not below, the usual and customary awards granted in similar cases.

16. In addition to the *Johnson* factors discussed above, Chung & Press submits that this application satisfies the ten rules of *Bernard Hill*:

(a) The application makes sense as it is structured to convey the information contained herein in an understandable and consistent manner.

(b) The application contains a statement showing the dates and categories of work that reflect what work was performed and when it was performed, and exactly how much money is being charged for performing it.

 (c) The application general categories of work performed and substantiation for the work.

 (d) The application contains a lodestar analysis.

 (e) Chung & Press has voluntarily written off time in the exercise of its billing judgment.

 (f) The breakdown of services and disbursements adds up.

 (g) The names of the individuals who rendered services, together with their hourly rates, have been disclosed. The experience of the attorneys has been set out.

 (h) A complete printout of detailed time records has been submitted with the application.

 (i) Disbursements for out-of-pocket expenses have been set forth in the application.

 (j) The application does not contain any bill for any other firm or professionals other than Chung & Press.

17. Detailed daily time records setting forth the tasks performed and the time spent thereon are attached hereto.

18. The affidavit of Daniel M. Press in support of this application is attached hereto.

19. The expenses for which reimbursement is sought are set forth in the attached invoice and were actual and necessary. Chung & Press, P.C. submits that the expenses are reasonable and economical and are customarily charged to non-bankruptcy clients of the applicant.

WHEREFORE, Chung & Press, P.C. prays for the entry of an Order approving payment of final compensation as an administrative expense in the amount of of $6237.00, and reimbursement

for out-of pocket expenses in the amount of $7.12, for a total of $6244.12, with authorization to apply the $7193 balance of the fee advance to satisfy the approved amount, with the surplus to be refunded to the Debtor/estate.

Dated: December 10, 2024.

                                        Respectfully submitted,
                                        /s/ Daniel M. Press
Daniel M. Press, #419739
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com

## DECLARATION UNDER PENALTY OF PERJURY

I, Daniel M. Press, a member of the bar of this Court, declare under penalty of perjury that the statements in the foregoing Application and attached statements of services rendered are true and correct, and that the items listed on the attached statements were services actually and necessarily rendered and expenses actually and necessarily incurred.  No understanding or agreement exists between this law firm and any other person for a sharing of compensation received or to be received in connection with this case.  No previous application for the relief requested herein has been submitted to this or any other court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of December, 2024.


      /s/ Daniel M. Press_____
      Daniel M. Press

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of December, 2024, I caused the foregoing document to be served on the Debtor by first class mail, postage prepaid, addressed to:

Dlinas Properties, LLC
Attn. Juana Rosa Minano, Managing Member
3223 Warder St. NW #2
Washington DC 20011

and on the US Trustee and all parties requesting notice by CM/ECF.


      /s/ Daniel M. Press_____
      Daniel M. Press

# Chung & Press, P.C.

6718 Whittier Avenue, Suite 200
McLean, VA  22101

Invoice submitted to:
Dlinas Properties LLC
CHAPTER 11

December 10, 2024

Invoice # :  12223

**Professional Services**

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  | Case Administration |  |  |  |
| 10/24/2024 | DMP | Teleconference with Verstandig (counsel for lender) regarding filing, prior case, position of lender. | 0.30<br>495.00/hr | 148.50 |
|  | DMP | Review docket of prior MD case; prepare amended petition to add MD case. | 0.30<br>495.00/hr | 148.50 |
|  | DMP | Review IDI info and forward to client. | 0.20<br>495.00/hr | 99.00 |
|  | DMP | Review WCP proof of claim | 0.20<br>495.00/hr | 99.00 |
|  | DMP | Review 341 notice | 0.10<br>495.00/hr | 49.50 |
|  | DMP | Teleconference with foreclosure attorney regarding filing. | 0.10<br>495.00/hr | 49.50 |
| 10/25/2024 | DMP | File amended petition | 0.10<br>495.00/hr | NO CHARGE |
|  | DMP | Prepare and file application to employ | 0.30<br>495.00/hr | 148.50 |
| 10/26/2024 | DMP | Teleconference with client regarding case requirements | 0.60<br>495.00/hr | 297.00 |

Dlinas Properties LLC                                                                                              Page     2

|            |     |                                                                                                                                                                             | Hrs/Rate          | Amount     |
|------------|-----|---|---|---|
| 10/28/2024 | DMP | Email correspondence with Eustis (UST) regarding non-representation of Minano in personal case. | 0.10<br>495.00/hr | 49.50 |
| 10/31/2024 | DMP | Review status hearing notice | 0.10<br>495.00/hr | NO CHARGE |
| 11/3/2024  | DMP | Email client regarding statuss of info for schedules, IDI | 0.10<br>495.00/hr | 49.50 |
| 11/4/2024  | DMP | Email correspondence with client regarding documents, IDI/UST requirements and review documents from client regarding taxes, utilities, banking, purchase of MD property, insurance; forward docs to UST | 0.70<br>495.00/hr | 346.50 |
|            | DMP | Provide DIP account form to client with instructions | 0.20<br>495.00/hr | 99.00 |
| 11/7/2024  | DMP | Review partially completed DIP acct form; emaiil client regarding same, regarding insurance documents. | 0.30<br>495.00/hr | 148.50 |
|            | DMP | Email UST regarding endorsement of employment order | 0.10<br>495.00/hr | 49.50 |
|            | DMP | Prepare and file motion to extend schedules deadline | 0.30<br>495.00/hr | 148.50 |
| 11/8/2024  | DMP | Email from UST; upload endorsed employment order | 0.10<br>495.00/hr | 49.50 |
|            | DMP | Review email from UST regarding outstanding items; email correspondence with client regarding same | 0.30<br>495.00/hr | 148.50 |
|            | DMP | Email correspondence with UST, client, regarding insurance for Warder St | 0.20<br>495.00/hr | 99.00 |
| 11/11/2024 | DMP | Review insurance docs and forward to UST | 0.20<br>495.00/hr | 99.00 |
|            | DMP | Email Verstandig with settlement proposal. | 0.30<br>495.00/hr | 148.50 |
|            | DMP | Email correspondence, review documents; and teleconference with client regarding documents needed; status of DC property; schedules; and potential settlement with WCP/dismissal. | 1.10<br>495.00/hr | 544.50 |
| 11/12/2024 | DMP | Email correspondence regarding insurance | 0.20<br>495.00/hr | 99.00 |

Dlinas Properties LLC                                                                                                  Page       3

|            |     |                                                                                                                       | Hrs/Rate        | Amount    |
|------------|-----|-----------------------------------------------------------------------------------------------------------------------|-----------------|-----------|
| 11/13/2024 | DMP | Email correspondence with client regarding documents, dismissal.                                                      | 0.20 495.00/hr  | 99.00     |
|            | DMP | Teleconference with client regarding schedules, documents, possible dismissal                                         | 0.60 495.00/hr  | 297.00    |
| 11/14/2024 | DMP | Prepare schedules; email correspondence with client regarding same, regarding dismissal, regarding termination of representation. | 2.20 495.00/hr  | 1,089.00  |
| 11/15/2024 | DMP | Review rules and prepare and file motion to withdraw as counsel; email client regarding same.                         | 0.80 495.00/hr  | 396.00    |
| 11/18/2024 | DMP | Email correspondence regarding insurance, withdrawal.                                                                 | 0.30 495.00/hr  | 148.50    |
| 11/21/2024 | DMP | Email correspondence with client; prepare for and attend 341 meeting                                                  | 0.40 495.00/hr  | 198.00    |
|            | DMP | Email UST regarding endorsement on withdrawal order; upload same                                                      | 0.10 495.00/hr  | NO CHARGE |
| 11/25/2024 | DMP | Review WCP motion to dismiss; forward to client with comments; advice                                                 | 0.30 495.00/hr  | 148.50    |
| 12/10/2024 | DMP | Prepare for and attend IDI                                                                                            | 1.00 495.00/hr  | 495.00    |
|            | DMP | Review order striking appearance; email client regarding same.                                                        | 0.20 495.00/hr  | 99.00     |
|            | DMP | Prepare fee application.                                                                                              | 0.30 495.00/hr  | 148.50    |

SUBTOTAL:                                                                                                              [ 12.90          6,237.00]

For professional services rendered                                                                                     12.90           $6,237.00

Dlinas Properties LLC   Page   4

**Out-of-Pocket Expenses**

| | | Amount |
|---|---|---:|
| | Case Administration | |
| 10/25/2024 | Postage | 2.19 |
| | Copies | 4.20 |
| 11/15/2024 | Postage | 0.73 |
| | SUBTOTAL: | [      7.12] |
| | Total additional charges | $7.12 |
| | Total amount of this bill | $6,244.12 |
| | **Balance due** | $6,244.12 |

**Client funds transactions**

| | | |
|---|---|---:|
| | Previous balance of Client funds | $0.00 |
| 10/24/2024 | | $7,193.00 |
| | Fee advance $10,000 - $79 software fee, $1738 filing fee, and $990 pre-petition legal fees (2 hr. x $495 | |
| | New balance of Client funds | $7,193.00 |

Unless otherwise indicated, this invoice contains charges through the end of the prior month.  Payments are due upon receipt of this invoice. Please make checks payable to Chung & Press, P.C.
Our Federal Tax ID No. is 54-1677795.

In order to facilitate the payment process, we are now able to accept payments by credit card. Please contact us if you have any questions on making a payment in this manner.